NGUYEN, Circuit Judge,
dissenting:
I respectfully dissent only as to the denial of the petition for review of the BIA’s decision on Gonzalez-Ortega’s CAT claim. Though the BIA, incorporating the IJ’s decision, noted that Mexico has taken steps to protect its gay and lesbian citizens, it failed to “examine the efficacy of those efforts.” Madrigal v. Holder, 716 F.3d 499, 506 (9th Cir.2013). There is no indication that the BIA considered all of the relevant evidence on this point, including evidence submitted by Gonzalez-Ortega suggesting that Mexico’s efforts have been ineffectual, and that government officials often brutalize, torture, and extort people because of their sexual orientation. When considering whether a person is likely to be tortured, the BIA must look to practical realities, not just legal obligations that may or may not be enforced. See Avendano-Hernandez v. Lynch, 800 F.3d 1072, 1081 (9th Cir.2015). Beyond that, the BIA overlooked conditions in Gonzalez-Ortega’s home region and improperly placed the burden on him to show that he could not safely relocate within the country. Melkonian v. Ashcroft, 320 F.3d 1061, 1070 (9th Cir.2003). I would therefore remand Gonzalez-Ortega’s CAT claim to the BIA for reconsideration.